UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT S.,

                               **Plaintiff,**

  vs.                                                       5:23-CV-852
                                                              (MAD/DJS)

MARTIN J. O'MALLEY, *as Commissioner of
Social Security*,

                               **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **HILLER COMERFORD INJURY & DISABILITY LAW**<br>6000 North Bailey Avenue - Suite 1a<br>Amherst, New York 14226<br>Attorney for Plaintiff | **JUSTIN M. GOLDSTEIN, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of General Counsel<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorney for Defendant | **JASON P. PECK, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Robert S., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Disability Insurance Benefits and Supplemental Security Income.  *See* Dkt. No. 1. In a Report-Recommendation and Order dated August 15, 2024, Magistrate Judge Daniel J. Stewart recommended that (1) Plaintiff's motion for judgment on the pleadings be denied; and (2) Defendant's motion for judgment on the pleadings be granted.  *See* Dkt. No. 13.

1

Neither party filed objections to the Report-Recommendation and Order. When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (citation omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation and Order.[1] Magistrate Judge Stewart first reviewed the ALJ's discussion of the supportability and consistency of the medical opinions from consultative examiners John Fkiaras, M.D., and Dennis Noia, Ph.D. *See* Dkt. No. 13 at 6-8. Magistrate Judge Stewart correctly concluded that the ALJ's analysis does not warrant remand because the ALJ sufficiently articulated his consideration of the requisite factors. *See id.*; *see also Cassandra G. v. Comm'r of Soc. Sec.*, 626 F. Supp. 3d 553, 564-65 (N.D.N.Y. 2022) ("'An ALJ is required to explain his or her consideration of these factors and is not entitled to generally assert that an opinion is "consistent with" or "supported by" the record, without further elaboration'") (quotation omitted); *Bridget P. v. Comm'r of Soc. Sec.*, No. 3:21-CV-654, 2023 WL 2402782, *15 (N.D.N.Y. Mar. 8, 2023) ("If an ALJ summarily states that an opinion is supported by the author's explanation or consistent with the record, without more, Courts have repeatedly found error") (collecting cases). The ALJ's analysis was more than conclusory and the Court finds no clear error on this issue.

---

[1] The Court assumes the parties' familiarity with the underlying factual background and legal framework.

Magistrate Judge Stewart next discussed Plaintiff's challenge to the ALJ's consideration of the state agency medical consultants' opinions.  *See* Dkt. No. 13 at 8-9.  The Court finds no clear error in this portion of the Report-Recommendation and Order as the ALJ sufficiently set forth his reasoning for finding the opinions to be persuasive.  *See id.* at 9.  Although Plaintiff may want the ALJ's analysis to be more thorough, the ALJ is required only to explain his consideration of the evidence to such a degree that the Court can "glean the rationale of an ALJ's decision." *Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 79 (N.D.N.Y. 2005) (*Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).  The Court agrees that the ALJ's discussion in this case allows the Court to glean his rationale such that remand is not warranted on this ground.

As to Plaintiff's challenge of the ALJ's consideration of his activities of daily living ("ADL"), it is well settled that an ALJ cannot "'cherry pick[]' the evidence in favor of a finding of no disability while ignoring other probative and consistent evidence of disability." *Brown ex rel. J.B. v. Colvin*, No. 1:12-CV-1062, 2015 WL 1647094, *7 (W.D.N.Y. Apr. 14, 2015) (collecting cases).  However, the Court agrees with Magistrate Judge Stewart that the ALJ did not "cherry pick" records in this case.  Dkt. No. 13 at 10-11.  The ALJ acknowledged Plaintiff's reported anxiety as well as Plaintiff only doing "what he can" with certain activities and only doing things "every so often."  Dkt. No. 6-2 at 18.  This is not a circumstance where the ALJ ignored evidence in Plaintiff's favor; rather, the ALJ sufficiently explained why he rejected the greater limitations that Plaintiff alleged.  *See id.*; *see also Ernest S. v. Comm'r of Soc. Sec.*, No. 1:22-CV-00509, 2023 WL 5738449, *4 (W.D.N.Y. Sept. 6, 2023) ("[I]n finding Plaintiff's limitations to be moderate, the ALJ credited in part Plaintiff's testimony regarding his limitations.  The objection Plaintiff raises to the ALJ's consideration of his activities of daily living essentially amount to discrepancies in the record that were for the ALJ to resolve in determining that Plaintiff is capable

3

performing light work.  Plaintiff has not demonstrated that the ALJ's description and consideration of his activities amount to a mischaracterization of the evidence that could undermine the ALJ's conclusions"); *Robert T. S. v. Comm'r of Soc. Sec.*, No. 5:21-CV-38, 2022 WL 1746968, *16 (N.D.N.Y. May 31, 2022) (remanding the Commissioner's decision because "[a]lthough the ALJ acknowledged plaintiff's general assertions that he has 'problems' lifting, standing, walking, sitting, kneeling, squatting, reaching, and using his hand, the ALJ did not discuss these problems in relation to his activities of daily living").

      Magistrate Judge Stewart also discussed Plaintiff's arguments concerning the ALJ's consideration of Plaintiff's ability to manage stress.  *See* Dkt. No. 13 at 11-12.  Magistrate Judge Stewart recommended against remand on this ground because the ALJ appropriately analyzed Plaintiff's stress-management skills at steps two and three of the disability determination and "the ALJ was under no obligation to make a corresponding RFC finding here regarding stress management." *Id.*  The Court finds no clear error in this conclusion.  As Magistrate Judge Stewart explained, the ALJ considered Plaintiff's stress management at steps two and three of the decision, and earlier conclusions do not automatically require a specific determination at step four.  *See id.*; *see also Richard B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-00585, 2021 WL 4316908, *6 (W.D.N.Y. Sept. 23, 2021) ("'As a result, a finding at steps two or three does not automatically translate to an identical finding at step four'") (quotation omitted); *Zehrid S. v. Comm'r of Soc. Sec.*, No. 6:23-CV-094, 2023 WL 5610746, *6 (N.D.N.Y. Aug. 30, 2023).

      Finally, Magistrate Judge Stewart discussed Plaintiff's arguments concerning his neuropathy.  *See* Dkt. No. 13 at 12-13.  Plaintiff argued that "the ALJ did not discuss all relevant objective evidence and failed to consider limitations resulting from chemotherapy-induced neuropathy, which is a diagnosis identified by Dr. Fkiarias [sic]." Dkt. No. 9 at 18.  Magistrate

4

Judge Stewart correctly noted "that the ALJ did acknowledge Plaintiff's neuropathy." Dkt. No. 13 at 12. He then concluded that because the record does not demonstrate greater limitations stemming from Plaintiff's neuropathy and it is Plaintiff's burden to prove greater restrictions, remand should not be granted. *Id.* at 12-13. The Court finds no clear error in Magistrate Judge Stewart's conclusion. The ALJ acknowledged Plaintiff's neuropathy, tingling in the extremities, and spinal stenosis. *See* Dkt. No. 6-2 at 17-18. As Magistrate Judge Stewart concluded, Plaintiff has not established that these findings require a more restrictive residual functional capacity ("RFC"). *See* Dkt. No. 9 at 19-20; Dkt. No. 13 at 12-13; *see also Jessica S. v. Comm'r of Soc. Sec.*, No. 8:21-CV-00094, 2023 WL 2664427, *10 (N.D.N.Y. Mar. 28, 2023), *aff'd sub nom. Simmons v. Kijakazi*, No. 23-CV-453, 2023 WL 8368646 (2d Cir. Dec. 4, 2023) ("[E]ven if the ALJ had not included these RFC limitations, Plaintiff has failed to show these impairments require greater limitations than those already included in the RFC"). As such, the Court agrees that remand is not warranted on this ground.

In his initial brief, Plaintiff raised additional arguments that Magistrate Judge Stewart did not address in his Report-Recommendation and Order: (1) that the ALJ had a "false perception of improvement" in Plaintiff's mental health; and (2) that "the ALJ failed to adequately explain the different findings relating co-workers, supervisors, and the public." Dkt. No. 9 at 26-28. The Commissioner addressed these arguments in his response. *See* Dkt. No. 11 at 14. Plaintiff discussed them in his reply. *See* Dkt. No. 12 at 7-9. As the arguments were not addressed in the Report-Recommendation and Order, the Court will review them *de novo*. *See Charles v. Cnty. of Nassau*, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015) ("[B]ecause Judge Brown did not expressly address Village Defendants' arguments in the R & R, the Court will conduct the requisite inquiry *de novo*").

Plaintiff argued that "the ALJ assessed improvement when the record actually supports deterioration in Plaintiff's mental health." Dkt. No. 9 at 26.  Specifically, he contends that the record demonstrates worsening hallucinations, increased medication, and additional hospitalizations.  *See id.* at 26-28.  However, as the Commissioner argued in his response, "the ALJ accurately stated the record that Mr. Smith's mental problems showed *some* improvement with medication."  Dkt. No. 11 at 14; *see also* Dkt. No. 6-2 at 19.  The ALJ noted Plaintiff's hospitalizations and emergency treatments, hallucinations, and medication evaluations.  *See* Dkt. No. 6-2 at 18-19.  Plaintiff argues that "[t]he ALJ's portrayal of improvement does not align with the actual record, and the resulting RFC finding is impacted by the mischaracterization of the record," but he does not explain how the RFC should be more limited.  Dkt. No. 9 at 28.  Although there is evidence that Plaintiff was hospitalized for his mental health and continued to have hallucinations, "reviewing courts cannot retry factual issues *de novo*, nor can they substitute their interpretations of administrative records for that of the Commissioner when the record contains substantial support for the ALJ's decision."  *Orts v. Astrue*, No. 5:11-CV-512, 2012 WL 6803588, *6 (N.D.N.Y. Nov. 14, 2012) (citing *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998)).  "Rather, in such circumstances, courts must defer to the Commissioner's resolution of conflicting evidence."  *Id.* (citing *Behling v. Commissioner of Soc. Sec.*, 369 Fed. Appx. 292, 293 (2d Cir. 2010)).

Based on the foregoing, the Court concludes that this portion of the ALJ's decision is supported by substantial evidence because he did not overstate Plaintiff's improvement, but rather acknowledged the records showing improvement and those demonstrating worsening conditions.  It is not the Court's function to reweigh that evidence.  *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  As such, remand is not warranted on this ground.

Plaintiff also argued that the ALJ erred by failing "to adequately explain the different findings relat[ed to] co-workers, supervisors, and the public." Dkt. No. 9 at 28.  In his RFC determination, the ALJ concluded that Plaintiff could "interact with supervisors and coworkers occasionally throughout the workday, after learning his job duties from an instructional or demonstrational lesson, and he can have no more than incidental contact with the public." Dkt. No. 6-2 at 17.  Plaintiff asserted that "[t]he ALJ did not identify evidence making the distinction between supervisors, coworkers, or the general public as now reflected in the RFC finding, and the failure to do so requires remand." Dkt. No. 9 at 29.  The Commissioner argued in response that Plaintiff did not demonstrate remandable error because he did not establish that greater limitations are necessary.  *See* Dkt. No. 11 at 14-15.

As Plaintiff explained in his brief, "the medical providers did not distinguish between Plaintiff's ability to interact with the public versus supervisors and coworkers." *Cynthia E. v. Comm'r of Soc. Sec.*, No. 5:22-CV-974, 2023 WL 8432332, *5 (N.D.N.Y. Dec. 5, 2023); *see also* Dkt. No. 9 at 29.  This Court has previously explained that "[s]ome courts have found this to be an error requiring remand." *Cynthia E.*, 2023 WL 8432332, at *5 (collecting cases).  However, where, as here, the ALJ's RFC determination is more restrictive than the medical opinions, any error in failing to articulate a differentiation is harmless.  *See id.*  Plaintiff acknowledges that the medical professionals concluded that Plaintiff had a mild limitation in interacting with others, but the ALJ found Plaintiff's limitation to be moderate.  *See* Dkt. No. 9 at 29; *see also* Dkt. No. 6-2 at 15-16.  Plaintiff has not established that an even more restrictive finding should have been made.  *See* Dkt. No. 9 at 29.  Further, the Court can glean the ALJ's rationale where he explained that Plaintiff "socializ[ed]," and got "along with people in authority," but also had problems getting along with others and dealing with groups of people and his friends and family.  Dkt. No. 6-2 at

15-16. In his disability paperwork, Plaintiff did note that he was once fired because he and his boss "had a verble [sic] fight," but that he gets along with authority figures "very well for the most part." Dkt. No. 6-6 at 28. Although the ALJ did not explain in his decision why he limited Plaintiff to having less contact with the public compared to supervisors and coworkers, Plaintiff has not established that such a conclusion is harmful, and the Court can glean the ALJ's rationale. As such, remand is not warranted on this ground. *See Coughlin v. O'Malley*, No. 21-CV-2252, 2024 WL 833246, *6 (E.D.N.Y. Feb. 28, 2024) (citing, *inter alia*, *Maria C. T. v. Comm'r of Soc. Sec.*, No. 5:20-CV-1521, 2022 WL 2904367, *9 (N.D.N.Y. July 22, 2022)).

Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 13) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall entered judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: September 23, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge